IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

HAROLD LASSERRE, JR.  \*
             \*
   PLAINTIFF  \*
VS.  \*  CIVIL ACTION NO. _____
             \*
EDUCATIONAL CREDIT MANAGEMENT  \*  COMPLAINT AND
CORPORATION  \*  DEMAND FOR A JURY TRIAL
   DEFENDANT  \*

**COMPLAINT**

I. Introduction

  1. This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.

II. JURISDICTION

  2. Jurisdiction of this court arises under 15 U.S.C. § 1692k, 28 U.S.C. §§ 1331 and 1337.

III. PARTIES

  3. Plaintiff, Harold Lasserre, Jr. ("Mr. Lasserre" or "plaintiff"), is a natural person who resides in East Baton Rouge Parish and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

  4. Defendant, Educational Credit Management Corporation (hereinafter referred to as "ECMC" or "defendant") is a foreign corporation whose registered agent for service of process is CT Corporation System, Inc., 100 S. 5th Street, #1075, Minneapolis, MN 55402.  ECMC, at all

times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

## IV. FACTUAL ALLEGATIONS

5. During the month of March or April 2011, defendant contacted plaintiff who made arrangements to pay $10 per month on his student loan obligation, upon which Mr. Lasserre had previously defaulted, in order to put his student loans into rehabilitation.

6. Defendant ECMC has a contract with the United States Department of Education to collect defaulted student loan debts, and collects or attempts to collect thousands of defaulted student loans every year.

7. This alleged debt arose from student loans provided to Mr. Lasserre for his education, which was solely for personal purposes.

8. Prior to agreeing to pay $10 per month on this alleged obligation, defendant promised plaintiff that if he made a voluntary arrangement and maintained it as promised, plaintiff would not have any federal income tax refund due him seized for this alleged obligation.

9. Mr. Lasserre made arrangements for his second monthly $10 payment to be paid out of his bank account, however, defendant failed to make this withdrawal without explanation, which resulted in a seizure of his federal income tax refund of approximately $500 for this alleged debt.

### DEFENDANT'S PRACTICES

10. Defendant ECMC violated numerous provisions of the FDCPA including but not limited to sections 1692e, 1692e(5), and 1692e(10).

11. Plaintiff has suffered actual damages and injury, including, but not limited to,

stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress, and his federal income tax refund, for which he should be compensated in amounts to be proven at trial.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in his favor and against Defendant Educational Credit Management Corporation for:

    a.    Additional damages;

    b.    Actual damages;

    c.    Attorney fees, litigation expenses and costs; and

    d.    Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

    s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number: 20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com