UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE

| | | |
|---|---|---|
| HAROLD LASSERRE, JR. | : | DOCKET NO. 3:12-091 |
| VS. | : | JUDGE TRIMBLE |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION | : | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a converted motion for summary judgment (R. #8 and 14)[1] wherein defendant, Educational Credit Management Corporation ("ECMC") moves to dismiss the instant complaint because plaintiff has failed to state a viable claim upon which relief can be granted. For the following reasons the motion will be granted and the complaint dismissed with prejudice.

In his complaint, plaintiff asserts an action for damages for defendant's alleged violations of the Fair Debt Collection Practices Act[2] ("FDCPA") which prohibits *debt collectors* from engaging in abusive, deceptive, and unfair practices. ECMC is a fiduciary of the United States Department of Education ("Department") who collects on defaulted student loan debts. Plaintiff asserts that after defaulting on his student loans, he agreed to pay $10 per month out of his bank account as part of a rehabilitation program[3] and in return ECMC agreed it would not seize his federal income tax

---

[1] The motion was converted to a motion for summary judgment because an affidavit was attached to the motion. Plaintiff was given an opportunity to refute the affidavit but has failed to do so.

[2] 15 U.S.C. § 1692, *et seq.*

[3] Complaint, ¶ 5. R. #1.

refund. Plaintiff contends that ECMC failed to make the second $10 withdrawal from his bank account which resulted in a seizure of his tax refund.[4] Plaintiff asserts that ECMC violated numerous provisions of the FDCPA and seeks damages for stress, humiliation, anxiety, extreme mental anguish and suffering, and emotional distress.[5]

ECMC maintains that it is not a "debt collector" as defined by the FDCPA and/or is specifically exempt from the FDCPA. Thus, ECMC argues that because the FDCPA does not apply to agencies like ECMC, the complaint must be dismissed.

The Federal Family Education Loan Program ("FFELP") was established pursuant to the Higher Education Act of 1965.[6] Under the FFELP, student loans are guaranteed by either a state agency or non-profit organization "that has an agreement with the Secretary under which it will administer a loan guaranty program under the Act."[7] Guaranty agencies enter into agreements with the Department that set forth "such administrative and fiscal procedures as may be necessary to protect the United States from the risk of unreasonable loss thereunder, to ensure proper and efficient administration of the loan insurance program, and to assure that due diligence will be exercised in the collection of loans insured under the program. . . ."[8]

ECMC is a non-profit organization that has an agreement with the Secretary of Education and helps to administer the FFELP. The Eleventh Circuit and the Ninth Circuit have recognized that

---

[4] Id., ¶ 9.

[5] Id., ¶ 11.

[6] 20 U.S.C. § 1071, *et seq.*

[7] 34 C.F.R. § 682.200.

[8] 20 U.S.C. § 1078(c)(2); 34 C.F.R. § 682.404.

2

ECMC is a guaranty agency.[9]

The FDCPA defines the term "debt collector" as follows:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another....[10]

The Act makes exceptions to the generalized definition of "debt collector" as follows:

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
. . .
(C) any officer or employee of the United States or any state to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
. . .
(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity
    (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement.[11]

Thus, the FDCPA does not apply to entities who are not debt collectors as that term is defined under the statute. Guaranty agencies acting in their fiduciary capacity to the U.S. Department of Education fall within the "fiduciary" exception to the FDCPA.[12] The principle purpose of a

---

[9] Pelfrey v. Educ. Credit Mgmt. Corp., 71 F.Supp.2d 1161 (N.D. Ala. 1999)(the FDCPA did not apply to ECMC because ECMC is not a "debt collector" as that term is used in the FDCPA because ECMC is a "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation. . . .") 15 U.S.C. § 1692a(6)(F)(i).

[10] 15 U.S.C. § 1692a(6).

[11] Id.

[12] See Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1034-5 (9th Cir. 2009)(a guaranty agency has a fiduciary obligation to the [Department of Education] and is not a debt collector under the FDCPA.).

3

Case 3:12-cv-00091-JTT-JDK   Document 15   06/14/12   Page 3 of 4

guaranty agency is to provide a guarantee to the lender and to assist in the administration of the FFELP.[13] ECMC is a guaranty agency which operates pursuant to the regulations of the FFELP and is excepted from the FDCPA's definition of "debt collector" because it is an entity attempting to collect on the debt of another under a bona fide fiduciary obligation.

## CONCLUSION

Based on the foregoing and for the reasons set forth herein, the motion to dismiss will be granted and the complaint in this matter will be dismissed.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of June, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[13] Pelfrey, 71 F.Supp.2d at 1163.